**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 04-CR-056-TCK |
| ) | (07-CV-363-TCK-SAJ) |
| **ALVIN EUGENE EDWARDS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 32) filed by Defendant Alvin Eugene Edwards, a federal inmate appearing *pro se*. For the reasons discussed below, the Court finds Defendant is entitled to reopening of his sentence, and his § 2255 motion is granted for that limited purpose.

On July 19, 2004, Defendant entered a plea of guilty to Felon in Possession of a Firearm before Judge Sven Erik Holmes. On November 5, 2004, Judge Holmes sentenced Defendant to 120 months imprisonment, which was the statutory maximum for the offense. Judge Holmes entered judgment consistent therewith on December 6, 2004 (Dkt. # 27).

On June 28, 2007, Defendant filed the 28 U.S.C. § 2255 motion (Dkt. # 32) presently before the Court. In his motion, Defendant states that he filed a successful motion for writ of error coram nobis challenging one of his Baltimore City convictions on Sixth Amendment grounds. Defendant has attached a copy of an order filed July 25, 2006, in the Circuit Court for Baltimore City, Case No. 801306010, directing that Defendant's conviction in that case be "reversed, vacated, and stricken" because the trial court failed to conduct a proper waiver of counsel inquiry before allowing Defendant to waive his right to counsel. See Dkt. # 32, attachment. Defendant now requests that the Court reconsider his sentence him in light of the invalidated state conviction.

In response to the § 2255 motion, the government concedes that sentencing should be reopened based on the invalidated state conviction and that exclusion of the invalid state conviction will reduce Defendant's offense level and result in a lower advisory guideline sentencing range. In addition, the government itself requests that the Court reopen Defendant's sentencing to determine whether a new sentence is appropriate based upon the subsequent invalidation of a state conviction.

The Supreme Court has stated that where a defendant successfully attacks a state sentence, he may then apply for reopening of any federal sentence enhanced by the state sentence, especially where the state sentence was invalid because it was obtained in violation of the defendant's right to counsel under the Sixth Amendment. Curtis v. United States, 511 U.S. 485, 494-97 (1994). The Tenth Circuit Court of Appeals has also recognized "the availability of sentence review upon the invalidation of a predicate offense." United States v. Cox, 83 F.3d 336, 339 (10th Cir. 1996). Based on the evidence presented by Defendant, the government's agreement, and the precedent cited above, the Court finds that Defendant's § 2255 motion should be granted to the extent he requests that the Court reopen his sentencing proceeding based on events occurring subsequent to the entry of his original sentence.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The § 2255 motion (Dkt. # 32) is **GRANTED** to the extent Defendant seeks reopening of his sentence based on events occurring subsequent to the entry of his original sentence.

2. The Court re-appoints Mr. Fred Randolph Lynn to represent Defendant in the sentencing proceedings.

3. Sentencing is set for October 11, 2007 at 11:00 o'clock a.m.

4. The United States Probation Office shall prepare a revised presentence investigation report

that excludes the invalidated state conviction.

DATED THIS 6th day of August, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE